

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| AJAY TIWARI, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION  1:24-7185-MGL-TER |
| | § | |
| BATTELLE SAVANNAH RIVER | § | |
| ALLIANCE, | § | |
| Defendant. | § | |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION
IN PART AND DECLINING TO ADOPT IT IN PART,
AND DISMISSING WITHOUT PREJUDICE IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

"[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In other words, "[a]n interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir.1991).

Plaintiff Ajay Tiwari filed this lawsuit against his former employer, Defendant Battelle Savannah River Alliance, LLC. He claims he was wrongfully terminated by Battelle "under the pretext of a security clearance issue." Amended Complaint at 1. He sues under multiple theories of recovery, including age-related claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq. (ADEA).

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Battelle's motion for judgment on the pleadings (the motion) (1) be granted as to Tiwari's claims related to his allegation Battelle interfered with his ability to obtain a security clearance from the Department of Energy (DOE), dismissing this claim with prejudice for lack of subject matter jurisdiction (security clearance claims), but (b) be denied as to Tiwari's claims he was excluded from equitable salary adjustments and training and resources provided to younger employees (age related claims).  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 25, 2025; Tiwari and Battelle both filed their objections to the Report on August 8, 2025; Tiwari filed his sur-reply and amended response in opposition to the motion on the same date; and both parties filed their replies to each other's objections on August 22, 2025.

As a preliminary matter, the Court has reviewed Tiwari's sur-reply and amended response in opposition to the motion.  Both are concerned with correcting Tiwari's counsel's scrivener's errors, citation imperfections, hallucinated and phantom citations, and case misquotes contained in his initial response in opposition to the motion.

Counsel for Tiwari and other attorneys appearing before this Court should take notice of this warning: going forward, any such submission may well result in significant monetary sanctions, the striking of the pleadings, and/or the Court's reporting the offense(s) to the Office of Disciplinary Counsel.

Because both the sur-reply and amended response in opposition to the motion are generally concerned with correcting the errors listed above, they fail to impact the Court's consideration of the Magistrate Judge's recommendation concerning the motion.

The Magistrate Judge suggests the Court grant the motion as to Tiwari's security clearance claims because it lacks jurisdiction to consider it, citing to *Dep't of Navy v. Egan*, 484 U.S. 518 (1988) and its progeny to support this conclusion.

The Supreme Court stated in *Egan,*

> [p]redictive judgment . . . must be made by those with the necessary expertise in protecting classified information. For reasons too obvious to call for enlarged discussion, the protection of classified information must be committed to the broad discretion of the agency responsible, and this must include broad discretion to determine who may have access to it.  Certainly, it is not reasonably possible for an outside nonexpert body to review the substance of such a judgment and to decide whether the agency should have been able to make the necessary affirmative prediction with confidence.  Nor can such a body determine what constitutes an acceptable margin of error in assessing the potential risk.

*Id*. at 529 (citations omitted) (internal quotation marks omitted) (alterations omitted).

The Court went on to say it

> has acknowledged[,]. . . with respect to employees in sensitive positions[,] there is a reasonable basis for the view . . . an agency head who must bear the responsibility for the protection of classified information committed to his custody should have the final say in deciding whether to repose his trust in an employee who has access to such information. . . . [T]his must be a judgment call. The Court also has recognized the generally accepted view . . . foreign policy was the province and responsibility of the Executive. As to these areas of Art. II duties the courts have traditionally shown the utmost deference to Presidential responsibilities. Thus, unless Congress

> specifically has provided otherwise, courts traditionally have been reluctant to intrude upon the authority of the Executive in military and national security affairs.

*Id*. at 529–30 (citations omitted) (internal quotation marks omitted).

The Court will consider only those objections necessary to adjudicate the motion.

In Tiwari's third objection, which he mistakenly labeled as his fourth one, he asks to have an opportunity to amend his complaint and conduct discovery. He states the Magistrate Judge "errs by recommending dismissal with prejudice without any inquiry into whether amendment could cure the defects. Dismissal with prejudice at this early stage before discovery, jurisdictional fact development, or an opportunity to replead is both premature and inconsistent with controlling authority." Tiwari's Objections at 8. Battelle counters "leave to amend pleadings should be denied [because] an amendment would be futile." Reply at 9.

Fed. R. Civ. P. 15(a)(2) provides, in relevant part, "[t]he [C]ourt should freely give leave when justice so requires." "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). Further, it is the custom and practice of this Court to liberally grant such requests.

Consequently, the Court will grant the request, noting it is unable to say with any confidence, at this early juncture, whether such amendment would be futile. Further, the issues presented here can better be made after discovery, at the summary judgment stage.

In Tiwari's fourth objection, misdesignated as his fifth one, he "alleges [Battelle] misrepresented the terms of employment and falsely pressured him to renounce his dual citizenship—actions that go beyond any clearance requirement and sound in fraud and

4

misrepresentation." Objections at 12. In addition, in the amended complaint, he complains Battelle "engaged in fraudulent conduct by fabricating obstacles to [his] security clearance process, including providing false or misleading information to the DOE defendants demand for [him] to renounce his citizenship was part of a scheme to coerce him into resigning, knowing . . . such a requirement was not supported by DOE policy." Amended Complaint ¶ 74.

The Court possesses jurisdiction to review a matter such as this. *See Jamil v. Sec'y, Dept. of Defense*, 910 F.2d 1203, 1208 (4th Cir. 1990) (Although "this Court may lack the power to review the merits of the decision to revoke [a plaintiff's] security clearance, it still possesses the authority to require an agency like [Battelle/DOE] to follow its own regulations in making a security clearance determination and in dismissing an employee."). Thus, the Court will sustain Tiwari's objections, but only as to the matters discussed above.

Given these determinations, it is unnecessary for the Court to discuss Tiwari's remaining objections. *See Dobbs v. Jackson Women's Health Org*., 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

Battelle presents just one objection to the Report: Tiwari "failed to exhaust administrative remedies regarding his age related claims." Battelle's Objection at 1 (emphasis omitted). According to Battelle, Tiwari's "charge of discrimination [with the Equal Employment Opportunity Commission] mentions neither compensation nor training as areas of concern." *Id*. at 3.

But, Battelle failed to make this argument to the Magistrate Judge, bringing it for the first time here. Tiwari complains "[o]bjections are not a second chance to debut arguments . . . available but not raised before the Magistrate Judge." Tiwari's Reply at   He is mistaken.

5

The Federal Magistrate's Act (the Act) provides a district court, when reviewing a Magistrate Judge's Report and Recommendation, "shall make a de novo determination of those portions of the [R]eport or specified proposed findings or recommendations to which objection is made[.]" 28 U.S.C. § 636(b)(1). And, as per controlling precedent from the Fourth Circuit, "as part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the [Magistrate Judge]." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) (footnote omitted).

This is so because, "[b]y definition, de novo review entails consideration of an issue as if it had not been decided previously. It follows, therefore, . . . the party entitled to de novo review must be permitted to raise before the [C]ourt any argument as to that issue . . . it could have raised before the [Magistrate Judge]." *Id*. Consequently, the Court is constrained to consider Battelle's failure-to-exhaust defense

Tiwari next contends Battelle's exhaustion claim is forfeited and meritless maintaining, because "administrative exhaustion is a non-jurisdictional defense, it can be forfeited if not timely and specifically asserted. [Battelle's] effort to aim an exhaustion objection for the first time at [his age-related claims] that survived the [Report] comes too late." Tiwari's Reply at 2. He points to In *Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541(2019) in support of this argument.

In *Fort Bend*, the question presented was: "Is Title VII's charge-filing precondition to suit a jurisdictional requirement that can be raised at any stage of a proceeding; or is it a procedural prescription mandatory if timely raised, but subject to forfeiture if tardily asserted?" *Id.* at 543.

The Court held "Title VII's charge-filing instruction is not jurisdictional, a term generally reserved to describe the classes of cases a court may entertain (subject-matter jurisdiction) or the persons over whom a court may exercise adjudicatory authority (personal jurisdiction)." *Id.* (citation

omitted). "Prerequisites to suit like Title VII's charge-filing instruction are not of that character; they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Id.* at 543-44.

There are at least five bases supporting a holding by this Court Battelle has forfeited its failure-to-exhaust defense.

First, Battelle had the charge document from which it bases its exhaustion claim all along, but is just now raising it.

Second, in Battelle's March 24, 2025, answer to Tiwari's amended complaint, although it states as its seventh defense Tiwari "is barred from relief for failure to exhaust administrative remedies with the [Equal Employment Opportunity Commission (EEOC)] before filing suit[,]" Battelle's Answer at 11, this is boiler plate language found in most all answers in a job discrimination suit. It fails to offer anything specific about the defense as to Tiwari's age related claims.

Third, after carefully reviewing the motion, the Court notes, although Battelle raised a failure-to-exhaust argument as to several of Tiwari's claims, absent is any contention Tiwari failed to exhaust his age related claims. Thus, it appears Battelle forfeited the exhaustion of remedies defense as to Tiwari's age related claims by consciouly and deliberately deciding against raising it until this late date, well after filing the motion. *See Woodson v. Allstate Insurance Co.*, 855 F.3d 628, 635 (4th Cir. 2017) (quoting *Wood v. Milyard*, 132 S. Ct. 1826, 1834-35 (2012) (a "defense may be 'waived' by conscious and deliberate conduct indicating the wish not to present the defense or by the conscious and deliberate failure to present the defense, in which case the [C]ourt's consideration of the defense would be 'an abuse of discretion.'").

Fourth, Battelle could have, and should have, raised this issue in front of the Magistrate Judge so she could make a recommendation on the matter.

Fifth, Battelle waited until after an unfavorable recommendation from the Magistrate Judge on the merits of Tiwari's age related claims before specifically raising the exhaustion of remedies argument.

For all these reasons, the Court easily concludes Battelle has forfeited its failure-to-exhaust defense.  For the sake of completeness, however, the Court will discuss the merits of Battelle's failure-to-exhaust defense.

Battelle also makes the merit-challenged claim Tiwari's charge of discrimination "did not assert any allegations relating to alleged discrimination with respect to salary adjustments or training. [Tiwari] raised these allegations for the first time in this lawsuit."  Battelle's Objections at 3.  According to Battelle, "[b]ecause [Tiwari] failed to raise these issues in his charge of discrimination, he failed to exhaust his administrative remedies as required by law, and these portions of the ADEA claim should be dismissed on this ground." *Id.*

In reply, Tiwari states Tiwari's "charge . . . asserted age discrimination, favoritism toward younger workers, and replacement by a much younger employee. Those allegations directly implicate pay and training disparities."  Tiwari's Reply at 3.  Tiwari argues "[i]t is routine and reasonable for an EEOC investigation into such a charge to evaluate: (i) comparative pay for older vs. younger peers, and (ii) access to training as a feeder to advancement and higher pay."  *Id.* "Simply put[,]" Tiwari says, "these are not new incidents from a different place, time, and type rather they are part and parcel of the same alleged age-based skewing the charge targeted." *Id.*

"Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996).

The requirements are the same for an age related claim. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (overruled in part on other grounds by *Fort Bend*, 587 U.S. at 550 ("Before a plaintiff may file suit under Title VII or the ADEA, he is required to file a charge of discrimination with the EEOC."); *Title VII as Precedent: Past and Prologue for Future Legislation*, 10 Stan. J. C.R. & C.L. 159, 167 (2014) (explaining Congress used Title VII as a model for the ADEA's language and enforcement framework).

"The goals of providing notice and an opportunity for an agency response would be undermined . . . if a plaintiff could raise claims in litigation that did not appear in his EEOC charge." *Sydnor v. Fairfax Cnty., Va.*, 681 F.3d 591, 593 (4th Cir. 2012). "To prevent such gamesmanship, we have held . . . the 'scope of the plaintiff's right to file a federal lawsuit is determined by the charge's contents.'" *Id.* (quoting *Jones* 551 F.3d at 300 (overruled in part on other grounds by *Fort Bend*, 587 U.S. at 550)).

"At the same time, however, the exhaustion requirement should not become a tripwire for hapless plaintiffs." *Id.* Although "it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns." *Id.*

In fact, "Title VII . . . sets up a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *Id.* "It would be inconsistent with this framework to require untrained parties to provide a detailed essay to the EEOC in order to exhaust their administrative remedies." *Id.* (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) (internal quotation mark and citation omitted)). "As the Supreme Court has made clear, 'documents filed by an employee with the EEOC should be construed, to the extent consistent with permissible rules of interpretation, to protect the employee's rights and statutory remedies.'" *Id.* (alteration omitted) (quoting *Fed. Express*, 552 U.S. at 406.).

Tiwari's Charge of Discrimination states the following:

> I began my employment with the above-mentioned employer around August 2020, and I was most recently employed as a Senior Engineer in the Cyber Security Team. Throughout my employment I have performed my job duties at a satisfactory level. Since June 2020, there was a change of management from SRNS to the Battelle Savannah River Alliance (BSRA). When this change in management occurred in the lab, BSRA contributed to many older staff members being ushered out, paving the way for them to be replaced with younger workers. During latter half of 2022, during management update meetings, the Lab Director, Dr. Vahid Majidi, would provide management updates to laboratory employees, and on his PowerPoint slides he would show charts depicting how the median age of the laboratory staff has come down significantly since the change in management. On May 23, 2023, a [DOE] personnel . . . handed me a certified letter dated May 11, 2023, that the DOE informed me my security clearance application had been referred for administrative review. A few moments later, an HR Representative from BSRA informed me I was discharged for inability to acquire a DOE security clearance. After this termination, I was not offered the opportunity to appeal my security clearance that was under administrative review. I believe my termination was pretextual due to BSRA hiring younger Caucasian males throughout the last [six months]. Furthermore, the day I was terminated, a 26-year-old Caucasian male took over my job duties and office. I believe have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, due to my national origin, Indian; and in violation of the Age Discrimination in Employment Act of 1967, as amended.

Tiwari's Oct. 30, 2023, Charge of Discrimination at 1-2.

So, to highlight the relevant portions on the charge, Tiwari states (1) "many older staff members being ushered out," *id*. at 1, (2) "during management update meetings, the Lab Director . . . would provide management updates to laboratory employees, and on his PowerPoint slides he would show charts depicting how the median age of the laboratory staff has come down significantly since the change in management[,]" *id*., (3) Battelle "hir[ed] younger Caucasian males throughout the last [six months,] *id*. and (4) the day [Tiwari] was terminated, a 26-year-old Caucasian male took over [his] job duties and office." *Id*.

10

The Court agrees with Tiwari. These claims of favoritism of younger workers and Battelle replacing the older ones "directly implicate pay and training disparities." Tiwari's Reply at 3. Surely a reasonable EEOC investigation of these complaints would lead to an examination of "(i) comparative pay for older vs. younger peers, and (ii) access to training as a feeder to advancement and higher pay." *Id.*

In fact, Battelle even admitted in its motion Tiwari's "EEOC charge [raised only] allegations of disparate treatment based on age in violation of the ADEA." Motion at 11. As such, it appears Battelle earlier thought Tiwari had exhausted his administratI've remedies as to his age related claims.

It is beyond any reasonable dispute Tiwari exhausted his administrate remedies before he filed his lawsuit in this Court against Battelle. Accordingly, for all the reasons stated above, the Court will overrules Battelle's one objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court sustains Tiwari's objections as to his security clearance claims, as discussed above, and declines to adopt the Report as to those claims. It is therefore the judgment of the Court Battelle's motion for judgment on the pleadings is **DISMISSED WITHOUT PREJUDICE** regarding Tiwari's security clearance claims.

In addition, the Court overrules Battelle's objection as to Tiwari's age related claims, adopts the Report as to those issues, and incorporates those portions of the Report herein. Accordingly, Battelle's motion for judgment on the pleadings **is DENIED** as to those claims.

Further, Tiwari's request to amend his complaint is **GRANTED**. He shall file his amended complaint not later than August 14, 2026, and this matter is **REMANDED** to the Magistrate Judge for further proceedings consistent with this Order.

11

**IT IS SO ORDERED.**

Signed this 7th day of July, 2026, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE